January 12th, 1818, Judge Roane pronounced the Coux't’s opinion.
The Court
is of opinion, that, altho’ Oswald Newly’» possession .of the slaves in controversy, for more than five years after the death of Elizabeth Chowning, vims cornpetent to give him a title thereto, (as was decided in the cause, the proceedings in which are an exhibit,) it does not affect the rights of persons coming within the exceptions of the act of limitations. In this predicament were Mrs. Street, Mrs. Chowning and Mrs. Blakey, by reason of their coverture: unless, in relation to the two latter, their rights respectively were extinguished in favour of their husbands, in consequence of the said slaves having at any time come into the possession of their said husbands. As to the possession, acquired by Churchill Blakey and John Chowning, of the slaves of Elizabeth Chowning, after her death, and which were tx’anferx’ed to Catharine Taylor and Anne C. Taylor, (under whom Oswald Newby claimed,) under a misconception of the title thereto, that possessioxx enux’ed to them, only ixx their character of Executors of Elizabeth Chowning, and not in right of their wives uxxder the will of their father: nor is the case different as to the possession acquired by Churchill Blakey in and to a part of the slaves in contx’oversy, and which gave rise to the action of detinue in the District Court of King and Queen. That possessioxx is also to be referred to his character of Executor of William Chowning, and did not enure to hinx iix his character of husbaxxd. The case of Wallace v. Taliaferro (2 Call) is conclusive to shew, that, whexx these two characters concur in the saixxe pei’son, this conclusioix will follow, unless there be some election, or some act indicative of an intention to take in the character of husband. That pi’inciple applies emphatically to cases like the present, where the light as husband, did not attach, specifically, to all of the slaves in question, but only to a part of them, after they should have been divided or allotted; and in which the possession of them in mass accords sti’ictly with the party’s claim as Executor.
In ibis view of the subject, the right of Mrs. Blakey in and totiie slaves in controversy, did not come in question in the action in King and Queen, and ought not xxow to be barred or affected thex’eby. Her husband defended *71 that suit in his own right, and not in her’s. If she had survived him, her right would certainly not have been affected thereby; nor is the right of her administrator so affected, in the contrary event, altho’ that administrator is her husband, who was a party to the former action, In this case, the maxim that “when two rights concur in «the same person, they are to be considered as if they «were in different persons,” strictly applies. Her administrator in this case was not a parly to the farmer suit, nor is he a privy to any who was. Nothing done in that suit, therefore, ought to bind him. On this ground, the Court is of opinion, that the said decree is erroneous, and that the appellant ought to be let in to recover his share of the slaves in controversy.
Decree reversed, with costs, and cause remanded to the Court of Chancery, to he finally proceeded in pursuant to the principles of this Decree,